UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ANTOINE EDWARDS, SR. #748056**            **CIVIL ACTION**
**VERSUS**
                                            **NO. 25-210**
**ORLEANS PARISH DISTRICT ATTORNEY'S**
**OFFICE, ET AL.**                          **SECTION: "J"(1)**

## REPORT AND RECOMMENDATION

Petitioner, Antoine Edwards, a state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] This is the fourth time in three years that Edwards has filed for habeas corpus relief pursuant to § 2254.[2]

When he filed the instant petition, Edwards neither paid the required filing fee nor applied to proceed *in forma pauperis*. Furthermore, Edwards did not sign the petition.[3] *See* Rule 2(c)(5) Rules Governing Section 2254 Cases. Additionally, Edwards is subject to a May 22, 2024 order imposing sanctions in the amount of $250.00[4] and he was advised on August 22, 2024 that "[t]his Court will not accept **any** further pleadings or memorandum from Mr. Edwards until the sanction in the amount of $250.00 has been paid."[5] The Clerk of Court has informed the Court that Edwards has yet to pay the $250.00 sanction.

---

[1] Rec. Doc. 1.

[2] Edwards v. New Orleans Criminal Court, et al., No. 23-7342, 2024 WL 436373 (E.D. La. Jan. 10, 2024), adopted, 2024 WL 418157 (E.D. La. Feb. 5, 2024); Edwards v. Hooper, No. 22-2199, 2023 WL2336953 (E.D. La. Jan. 27, 2023), adopted, 2023 WL 2330074 (E.D. La. Mar. 2, 2023), certificate of appealability denied, No. 23-30164, 2023 WL 6162805 (5th Cir. June 19, 2023); Edwards v. New Orleans Police Dept., et al., No. 23-3353, 2023 WL 9376978 (E.D. La. Dec. 13, 2023), adopted, 2024 WL 247115 (E.D. La. Jan. 23, 2024), appeal dismissed, Edwards v. Scott, No. 24-30219, 2024 WL 4377429 (5th Cir. May 28, 2024), cert. denied, No. 24-5691, 2024 WL 5011756 |(Dec. 9, 2024).

[3] Rec. Doc. 1 at 16.

[4] Edwards v. New Orleans Police Dept., et al., No. 23-3353-CJB-JVM, at Rec. Doc. 60.

[5] Id. at Rec. Doc. 68 at 2 (emphasis added).

On February 4, 2025, the Clerk of Court therefore issued a "Notice of Deficient Filing" directing Edwards to correct the deficiencies.[6] That notice, which was mailed to Edwards at his address of record, was not returned as undeliverable. To date, Edwards has not responded to the deficiency notice. Edwards's failure to respond to the notice clearly reflects a failure on his own part to prosecute.

In light of the foregoing, it is appropriate to dismiss Edwards's petition for want of prosecution. The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court. Green v. Forney Eng'g Co., 589 F.2d 243, 247 (5th Cir. 1979). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because Edwards is proceeding *pro se*, the Court need consider only his conduct in determining whether dismissal is proper under Rule 41(b). As noted, Edwards has failed to pay the $250.00 sanction imposed on May 22, 2024 and he has not filed a motion seeking leave to proceed without payment of the ordered sanction. Furthermore, as Edwards failed to pay the filing fee or submit an application to proceed *in forma pauperis* in connection with the instant pleading, it was not properly filed. See Rule 3(a) of the Rules Governing Section 2254 in the United States

---

[6] Rec. Doc. 3.

District Courts; see, e.g., Searls v. Cain, No. 08-928, 2008 WL 1745142 (E.D. La. Apr. 10, 2008). Accordingly, his petition should be dismissed.

## RECOMMENDATION

It is therefore **RECOMMENDED** that Edwards's petition be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___7th___ day of March, 2025.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**